ALD-087                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2748
_____

UNITED STATES OF AMERICA

v.

RICHARD PERNELL BURTON, JR.,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 5-15-cr-00474-003)
District Judge:  Honorable Jeffrey L. Schmehl

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 4, 2021
Before:  MCKEE, GREENAWAY, Jr., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 2, 2021)
_____

OPINION*
_____

PER CURIAM

Pro se appellant Richard Pernell Burton, Jr. appeals from the District Court's order

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1).  Burton

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

pleaded guilty in the Eastern District of Pennsylvania to eight counts of an indictment concerning a conspiracy to distribute more than five kilograms of cocaine. At his March 4, 2019 sentencing hearing, the District Court determined that Burton's offense level under the advisory Sentencing Guidelines was 27 with a criminal history category of IV. Because of the applicable 120-month mandatory minimum term, the resulting advisory sentencing range was 120-125 months. The District Court imposed a prison term of 120 months. His anticipated release date is October 24, 2027.

Starting in May 2020, Burton filed several motions and other documents requesting compassionate release based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). Burton argued that the COVID-19 pandemic presents an extraordinary circumstance justifying a sentence reduction when considering his medical conditions. He listed the following conditions: Type 2 diabetes, sleep apnea and use of a C-Pap machine for breathing, multiple lung nodules, a bad back with two herniated discs, three repaired hernia, hearing loss in the left ear, high cholesterol, high blood pressure, and post-traumatic stress disorder from his military service in the Libyan War and from his years of incarceration.[1] The Government opposed Burton's motion.

The District Court denied Burton's motion for compassionate release. While acknowledging that Burton's diabetes and hypertension may place him at increased risk of an adverse outcome from COVID-19, the District Court found that Burton has been

constitute binding precedent.

managing his medical conditions well while incarcerated, and that those conditions were not sufficiently serious to justify compassionate release. Further, considering Burton's motion assuming that his medical conditions were sufficiently severe, the District Court concluded that compassionate release still was not warranted, noting Burton's six prior federal and state criminal convictions between 1988 through 2015 and finding that Burton may be a danger to the community if released, citing U.S.S.G.§ 1B1.13. Moreover, even assuming that Burton were not a danger to the community, the District Court analyzed the 18 U.S.C. § 3553(a) sentencing factors and still concluded that compassionate release was not warranted. Specifically, the District Court noted that granting release at that time meant that Burton would have served about 16 months of his 120-month sentence, and that "releasing Burton after having served less than 15% of his sentence would hardly reflect the seriousness of his offense nor provide just punishment for same. In addition, a sentence this insignificant for such a serious drug crime would not afford adequate deterrence to the potential criminal conduct of Burton in the future, or to others who may be considering similar crimes." (Dist. Ct. Jul. 23, 2020 Mem. Op. at 8.)

Burton filed a timely notice of appeal, as well as his opening brief. The Government filed a motion for summary affirmance, see 3d Cir. L.A.R. 27.4; 3d Cir.

---

[1] Burton states that he is 54 years old. See Appellant's Opp'n, App. A.

I.O.P. 10.6, and to be relieved of filing a brief, see 3d Cir. L.A.R. 31.2. Burton filed a response in opposition to summary action, as supplemented.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of decision and thus "will not disturb the District Court's decision 'unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)). We will take summary action if "no substantial question is presented." 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Burton argues that the District Court improperly considered § 1B1.13 as part of its analysis. See Appellant's Opp'n (citing, inter alia, United States v. Jones, 980 F.3d1098, 1109 (6th Cir. 2020)). In Jones, the Sixth Circuit held that the First Step Act rendered § 1B1.13 inapplicable to § 3582(c)(1)(A) motions for compassionate release, noting that until the Sentencing Commission updates § 1B1.13, the district courts have "full discretion" to determine whether "extraordinary and compelling" reasons exist for granting release. We have not directly addressed the applicability of § 1B1.13 in this context, though we have noted that, under § 3582(c)(1)(A), a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Pawlowski, 967 F.3d at 329 n.6.

4

In any event, the District Court here did not constrain its assessment of Burton's motion under § 1B1.13. Notwithstanding its consideration of § 1B1.13, the District Court proceeded to consider the relevant § 3553(a) factors, which is an explicit part of the analysis of a motion under § 3582(c)(1)(A). Those factors include "history and characteristics of the defendant," "the need for the sentence imposed . . . to promote respect for the law," and "deterrence to criminal conduct." See Pawlowski, 967 F.3d at 330 (quoting 18 U.S.C. § 3553(a)(1) and (2)(A)-(B)). The District Court's decision clearly reflects as much.

Burton presents information and argument concerning his medical conditions and risk of severe illness from COVID-19, but the District Court considered Burton's motion even assuming that his medical conditions were sufficiently severe to warrant compassionate release. Burton also states, "I have done my time and paid my debt to society" for his past crimes, and he contends that his involvement in the drug conspiracy was less serious than the indictment suggests. Appellant's Opp'n, App. A. To the extent that Burton argues that the District Court should have placed more weight on his medical conditions, and less weight on his offense conduct, we cannot conclude that the Court abused its discretion in weighing the factors in the way it did. See Pawlowski, 967 F.3d at 331. We discern no clear error in the District Court's conclusion after analyzing the § 3553(a) sentencing factors, including the substantial proportion of Burton's sentence

yet to be served, indicating the need for the sentence to reflect the seriousness of the offense and to afford adequate deterrence to future offenses.

For these reasons, we grant the Government's motion and will summarily affirm the District Court's order.   The Government's motion to be relieved of filing a brief is granted.